I dissent only from that part of the majority Opinion and Award denying payment for attendant care.
The evidence of record supports Alice Faye Thompson's claim for remuneration for the attendant care services she rendered to decedent Garry Thompson from March 2, 2004 until the date of his death on May 21, 2004. Alice Faye Thompson took leave of absence from work on March 2, 2004 so that she could care for Mr. Thompson. By that time, Mr. Thompson needed assistance with all of his daily activities. Mrs. Thompson had to give him baths, feed him, help him go to the bathroom, change his diapers when he became incontinent, and get up to help him in the middle of the night. During the day, she had to keep an eye on him constantly because he would try to get up on his own and if he did, he would fall. Given that Mrs. Thompson was essentially "on duty" during the entire day and additionally had to get up with her husband during the night, it is reasonable to infer that she rendered attendant care services for at least sixteen out of twenty-four hours per day. *Page 16 
The evidence shows that the type of attendant care services she rendered should be valued as non-skilled attendant care services, and the Full Commission should either assign an hourly rate to these non-skilled attendant care services in an amount determined to be reasonable by the Commission or reopen the case for evidence on this issue.
The care provided to Garry Thompson by Alice Faye Thompson was reasonably required to provide relief at least in part from his compensable occupational disease. The fact that Mr. Thompson's other medical conditions in combination with his occupational disease contributed to his incapacity to care for himself would not be a bar to Alice Faye Thompson's claim for payment for attendant care services rendered. N.C. Gen. Stat. § 97-2(19).
Since the evidence establishes that Alice Faye Thompson provided reasonably necessary attendant care to decedent and that these services were required, in part, due to his compensabale occupational disease, the Full Commission has the discretion and should reopen the record to receive evidence on the hourly rate plaintiff would be entitled as an unskilled provider of care services to decedent Garry Thompson.
This the __ day of January 2009.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1